## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIC DOUGLAS POWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00732 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| **VIRGINIA DEPT. OF CORRECTIONS, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Eric Douglas Powers, Pro Se Plaintiff; Richard C. Vorhis, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants; Lonnie Lutz, Pro Se Defendant.*

The plaintiff, Eric Douglas Powers, a Virginia inmate proceeding pro se, filed this civil rights action, alleging federal claims under 42 U.S.C. § 1983 and state law claims under the Virginia Tort Claims Act ("VTCA").  The matter is presently before me on defendants' Motion for Summary Judgment on the ground that Powers failed to exhaust administrative remedies.  After review of the parties' submissions, I conclude that the Motion for Summary Judgment must be granted and that all claims must be dismissed.

## I. BACKGROUND.

At the time these claims arose, Powers was confined at Wallens Ridge State Prison ("Wallens Ridge").  He alleges the following sequence of events on which he

bases his claims.  On January 4, 2019, around 7:50 p.m., Officer Fultz interrupted Powers at his cell during his family telephone call and ordered Powers to return the phone or be charged for disobeying a direct order.  Powers protested, but he returned the phone to Fultz through the tray slot in the cell door and asked to speak to a supervisor.  Fultz refused.  Powers then placed his left forearm through the tray slot and repeated his request to see a supervisor.  Fultz again refused and slammed the steel tray slot door down on Powers' forearm, causing a gash.  Powers popped the tray slot door open again.  Neither Officer Blair, observing from nearby, nor Fultz contacted a supervisor.  Instead, Fultz sprayed "OC" spray through the open tray slot onto Powers' upper body.[1]  Powers drew his arm back into his cell, Fultz secured the tray slot door, and he and Blair continued their duties in the cell block.

For the next two hours, Powers and inmates in cells near him attempted to obtain emergency medical care for Powers, whose skin was burning from the chemical spray.  At 10:00 p.m., Officer Roberts asked Powers what had happened, Powers told him and showed him the gash on his arm, and Roberts said he would check into it.  He did not return that evening.  At around 2:30 a.m. on January 5, 2019, Lt. Boyd, Sergeant Bellamy, and another officer walked through the cell block.  Powers told Lt. Boyd and Sergeant Roberts what had happened and displayed

---

[1] OC spray is a chemical agent, similar to what is commonly known as pepper spray or mace, that irritates a person's eyes, throat, and nose.  *See, e.g., Park v. Shiflett*, 250 F.3d 843, 849 (4th Cir. 2001) (describing the physiological effects of OC spray).

the gash on his arm, but they took no action to get medical attention for him.  Lt. Boyd allegedly ordered his officers not to provide Powers with an Emergency Grievance form or to seek medical care for him.

Around 9:00 a.m. on January 5, 2019, Powers contacted a relative, who called the prison about Powers' need for medical attention.  Soon thereafter, officers escorted Powers to the medical department for assessment, and he received a shower to wash off the OC spray.  He complains about the medical care he received and his lack of access to defendant Richard Saylor for mental health care related to the alleged assault.

Powers filed this § 1983 action in October of 2019, naming as defendants the Virginia Department of Corrections ("VDOC"), Warden Carl Manis, Officer Fultz, Officer Blair, Sergeant Roberts, Lt. Boyd, and OMHP Saylor.  The defendants filed a Motion for Summary Judgment,[2] supported by the affidavit of B. Ravizee, Wallens Ridge Institutional Ombudsman.  They argue, among other things, that Powers failed to exhaust administrative remedies as required by federal statute before filing this lawsuit.  Powers filed a response to the defendants' motion.  The defendants filed a

---

[2] The court was unable, at first, to accomplish service of process on defendant Fultz, who is no longer employed by the VDOC.  After he entered the case pro se, however, he joined in the Summary Judgment Motion that the other defendants had already filed.  Fultz Letter, July 29, 2020, ECF No. 77.

reply and a supplemental affidavit by Ravizee regarding exhaustion, to which Powers has responded.  I find the motion to be ripe for disposition.

II.  DISCUSSION.

A.  Initial Matters.

First, in a response to the defendants' summary judgment motion, Powers asserts that he wishes to dismiss his claims against defendants VDOC, Blair, and Saylor.  Pl.'s Resp, 1, ECF No. 80.  I will exercise my discretion and allow a voluntary dismissal of those defendants without prejudice.  Fed. R. Civ. P. 41(a)(2).

Second, the defendants argue, correctly, that Powers cannot pursue claims under the VTCA against the individual defendants he has named.

> In the absence of express statutory or constitutional provisions waiving immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees.  An express but limited waiver of the Commonwealth's immunity from tort claims was provided by the enactment of the [VTCA] in 1981.  The Act is in derogation of common law, and, therefore, its limited waiver of immunity must be strictly construed.

*Melanson v. Commonwealth*, 539 S.E.2d 433, 434 (Va. 2001).  Because the VTCA does not include a waiver of immunity for employees of the Commonwealth, such individuals cannot be sued under that statute.  *The Rector & Visitors of the Univ. of*

*Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004).  Accordingly, I will summarily dismiss Powers' state law claims asserted under the VTCA.[3]  *See* 28 U.S.C. § 1915A(b)(1).

### B.  Exhaustion of Administrative Remedies.

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action in this court concerning prison conditions until he has first exhausted available administrative remedies.  This exhaustion requirement is "mandatory," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure.  *See Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006).  Even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, exhaust properly all available remedies under that procedure before bringing a civil action in this court.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).

---

[3]  I also note that the VTCA does not waive immunity for the Commonwealth or its employees to be sued in federal court for tortious acts.  *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987).  Thus, even if Powers could pursue some claim or claims under the VTCA related to events alleged in this case, he could do so only in a Virginia court. Moreover, to the extent that Powers may be attempting to raise state law claims outside the ambit of the VTCA, I decline to exercise supplemental jurisdiction over any such claim and will, therefore, dismiss them without prejudice.  *See* 28 U.S.C. § 1367(c).

Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a).  Mem. Supp. Mot. Summ. J. Attach 1, Ravizee Aff., Enclosure A, ECF No. 53-1.  Under this procedure, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may do by completing an Informal Complaint form and submitting it to prison staff.  He should receive a written response on the bottom of the Informal Complaint form within 15 days, to allow him to initiate the formal grievance procedure by filing a Regular Grievance (with the Informal Complaint attached) within thirty days of the occurrence about which it complains.  After investigation of a Regular Grievance, the warden or his designee will send the inmate a Level I response.  If the responding official determines the grievance to be unfounded, the inmate may submit the Regular Grievance on appeal to Level II, the regional administrator, and in some cases, to Level III.

A VDOC inmate may file an Emergency Grievance if he believes his situation or condition subjects him to an immediate risk of serious personal injury or irreparable harm.  Emergency Grievance forms should be available on a 24-hour basis regardless of the inmate's housing status.  Staff are to respond to an Emergency Grievance within eight hours.  Filing an Emergency Grievance does not satisfy the exhaustion requirement of § 1997e(a), because the VDOC procedure makes other

remedies thereafter available.  For full exhaustion, the inmate must submit his claim via an Informal Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

With the Complaint, Powers submits copies of two Informal Complaints about the incident at issue.  One is dated January 5, 2019; it complains that Fultz cut short Powers' phone call, threatened a disciplinary charge, refused to get a supervisor as Powers requested, closed the tray slot door and cut Powers' arm, and "then OC sprayed" Powers.  Compl. Attach. 3, 16, ECF No. 1-3.  In a response dated January 16, 2019, an officer wrote, "Statement noted."  *Id.*  Another Informal Complaint Powers submits is dated January 7, 2019; it asserts that Roberts and Boyd knew Powers had been injured and OC sprayed, but did not get him a shower for decontamination or other medical care.  The response on this form, dated January 18, 2019, states, "Sgt. Roberts & Lt. Boyd stated they didn't speak to you about this."  *Id.* at 18.

Undisputed grievance records at Wallens Ridge reflect that on March 11, 2019, the grievance office received a Regular Grievance from Powers (with the January 5, 2019 Informal Complaint attached), complaining that Fultz had assaulted him that day.  Ravizee rejected this Regular Grievance at intake on March 11, 2019, because it had been filed outside the 30-day filing period.  That same day, the grievance office also received a second Regular Grievance from Powers (with the

January 7, 2019 Informal Complaint attached), stating that he had told Roberts and Boyd about an assault by Fultz during the night after the incident and that they had failed to assist him in getting decontamination and medical care. Powers sought compensation. Ravizee rejected this Regular Grievance at intake on March 11, 2019, because it had been filed outside the 30-day filing period.

The defendants contend that because Powers failed to file timely Regular Grievances about his claims or to pursue the available appeals on each claim, he did not exhaust administrative remedies, and they are entitled to summary judgment under § 1997e(a). The defendants bear the burden of proving the affirmative defense that Powers failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). They have done so.

Powers may yet escape summary judgment under § 1997e(a) if he states facts showing that the remedies under the established grievance procedures were not "available" to him. *Ross*, 136 S. Ct. at 1859 (noting that circumstances making prison grievance procedures unavailable "will not often arise"). Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Powers asserts that the grievance procedure was not available to him much of the time after he filed the Informal Complaints in early January of 2019. He states

that later in January, the photocopy machine in his housing unit was broken, so officers could not print and provide him copies of blank Regular Grievance forms. He also asserts that some time in February of 2019, he was on suicide watch.  He does not explain, however, when this event occurred, how long it lasted, or why it prevented him from filing Regular Grievances about the events on January 5–6, 2019.  Finally, Powers complains that the grievance coordinator should have looked at the subject of his Regular Grievances and exercised mercy to address them on the merits even though they were filed late.

In reply to Powers' arguments on exhaustion, the defendants have submitted a supplemental affidavit from Ravizee.  She states, among other things, that if, at any time, Powers was unable to obtain Regular Grievance forms from officers in his housing area, he could have sent a request to Ravizee for forms.  If he had done so, she would have provided him with a form and would have stocked the housing area with additional forms.  It is undisputed that Powers did not file any request for forms with the grievance office in January or February of 2019, when he could have filed timely Regular Grievances regarding his claims about the events of January 5, 2019.

Even taking the evidence in the light most favorable to Powers, I find that he has failed to establish a material disputed fact on which he could persuade a fact finder that the grievance procedure at Wallens Ridge was unavailable to him. Accordingly, I conclude that the defendants are entitled to summary judgment on

the ground that he failed to comply with § 1997e(a).  Because it is clear from the record that Powers could not now file timely Regular Grievances to complete the exhaustion process under the VDOC procedures, I will dismiss his federal claims with prejudice.[4]

### III.  CONCLUSION.

For the stated reasons, I will grant defendants' Motion for Summary Judgment on the ground of failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) for federal claims and dismiss all such claims against all remaining defendants with prejudice.  I will summarily dismiss without prejudice all state law claims against all remaining defendants.

A separate Final Order will enter herewith.

DATED:  March 8, 2021

/s/  JAMES P. JONES
United States District Judge

---

[4]  The court construed and filed Powers' Complaint as raising constitutional claims under § 1983, but his Complaint also mentions, without explanation, other federal statutes such as the Americans with Disabilities Act and the Rehabilitation Act.  His failure to exhaust administrative remedies bars his ability to pursue any of his federal claims.